United States District Court
Southern District of Texas
FILED

JAN - 4 2021

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
ENTERED
January 04, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ALEJANDRO BAHENA, | § |
| | § |
| Plaintiff, | § |
| VS. | § |
| | § MISC. ACTION NO. 7:16-MC-611 |
| PHILIP DE LA FUENTE, *et al.*, | § |
| | § |
| Defendants. | § |

## REPORT AND RECOMMENDATION

Plaintiff Alejandro Bahena, a state prisoner proceeding pro se, initiated this miscellaneous action seeking to file a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1.) Plaintiff was attempting to assert civil rights claims against individuals working in the Segovia Unit for withholding meals, intercepting his legal mail, and confiscating legal resources. Because Plaintiff wished to proceed in forma pauperis, the Court informed him of his obligations to pay the filing fee pursuant to the Prison Litigation Reform Act (PLRA). (*See* Docket Nos. 1, 8.) However, Plaintiff did not respond to the order and subsequent attempted correspondence with Plaintiff was returned as undeliverable. Plaintiff has taken no further action in this case.

As discussed below, Plaintiff has failed to prosecute this action, including failing to keep the Clerk advised of his current address. Accordingly, the undersigned recommends that this action be dismissed.

## I. BACKGROUND

Plaintiff initiated this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleged that he was a "political prisoner" and that several staff members at the Segovia Unit were violating his constitutional rights by denying him lunch on weekends, by "intercepting, reading and denying

[his] legal mail," and by "confiscat[ing] legal books that represent a threat." (Docket No. 1, at 1-4.) He also alleged that his confinement amounted to cruel and unusual punishment as well as "involuntary servitude." (*Id.* at 6-7.) Plaintiff later filed an application to proceed in forma pauperis along with a summary of his inmate trust fund account. (Docket Nos. 3, 4.)

The undersigned entered an order alerting Plaintiff to his obligations under the PLRA. (Docket No. 8.) As the order explained, even if Plaintiff qualified to proceed in forma pauperis, "[t]he PLRA [ ] requires that the full amount of the filing fee be automatically withdrawn from the plaintiff's trust fund account in periodic installments pursuant to 28 U.S.C. § 1915(b)." (*Id.*) Plaintiff was also informed that he must "keep the Clerk advised in writing of his current address and file promptly a change of address when necessary." (*Id.* at 2.) Plaintiff was warned that "[f]ailure to do so may be interpreted as failure to prosecute and may result in the dismissal of this case." (*Id.* (emphasis in original).)

Plaintiff took no further steps to prosecute his case. Later, after learning that Plaintiff had been released from TDCJ custody, the Court directed him to provide an updated address. (Docket No. 10.) This order was returned as "undeliverable." (Docket No. 11.) Plaintiff has made no contact with the Court since the was returned as undeliverable.

## II. ANALYSIS

Plaintiff's claims are subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant

2

rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Plaintiff has failed to comply with the relevant rules and to prosecute this action. As a general rule, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). This requirement is memorialized in the Southern District of Texas Local Rules, which provide that "[a] lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address." LR 83.4.

Plaintiff has failed to provide an updated address to the Clerk as required by Local Rule 83.4. As described above, the last court document sent to Plaintiff was returned as undeliverable. (Docket No. 11.) In addition, Plaintiff has taken no other steps to prosecute this action.

Because Plaintiff failed to provide an updated address in compliance with Local Rule 83.4, this case should be dismissed for failure to prosecute. *See Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (stating that "the failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute"); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se litigants to keep court apprised of their correct address); *Day v. Cockrell*, No. 3:01-cv-1325-P, 2002 WL 31757777, at *1 (N.D. Tex. Nov. 21, 2002) (dismissing § 2254 habeas petition where petitioner failed to notify court of his change of address and orders were returned to the court as undeliverable). No less drastic sanction is available here, given that the last court document was returned as undeliverable and the Court thus

3

cannot communicate with Plaintiff.[1]  *See Carey*, 856 F.2d at 1441 (dismissal without prejudice was the least drastic sanction where any attempt to provide further notice would be "a futile gesture" given pro se litigant's failure to provide a change of address).

### III.  CONCLUSION

For the foregoing reasons, the undersigned recommends that this action be DISMISSED for want of prosecution.

### NOTICE

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on January 4, 2021.

_____
Peter E. Ormsby
UNITED STATES MAGISTRATE JUDGE

---

[1] A copy of this Report will be sent to Plaintiff at the last address he provided.  Should Plaintiff respond to the Report, the District Court may then wish to consider whether less drastic sanctions might be appropriate.